Garrick S. Lew SBN 61889
Design Center East
600 Townsend Street, Suite 329E
San Francisco, California 94102
Telephone: (415) 575-3588
Facsimile: (415) 522-1506
gsl@defendergroup.com

Attorney for Defendant
Frederick Green

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### San Francisco Venue

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-08-0150-01 JCS |
| Plaintiff, ) | |
| vs. ) | DEFENDANT'S SENTENCING MEMORANDUM |
| FREDERICK GREEN, ) | |
| Defendant. ) | |

### INTRODUCTION

Frederick Green entered a plea of guilty to a Class B misdemeanor violation of Title 18 USC 112(b)(2) obstructing foreign officials, the Egyptian Consul General and the Egyptian Deputy Consul General, in the performance of their duties. The United States Probation Office has prepared a Presentence Report (PSR) and concluded that the advisory United States Sentencing Guideline (USSG) does not apply to Class B misdemeanor offenses. The probation officer recommends a sentence of 2 years supervised probation, drug testing, participation in a mental health treatment program and a condition that defendant stay from the vicinity of the Egyptian Consulate office. Defendant objects to the probation officer's recommended sentence and requests that the court sentence defendant to time served and no probation, or, alternatively, one year

**DEFENDANT'S SENTENCING MEMORANDUM [CR08-0150-01 JCS]**   1

unsupervised probation with the condition that defendant stay away from the vicinity of the Eygptian Consulate office.

## I. OBJECTIONS TO PRESENTENCE REPORT

1. Defendant was not charged nor did defendant plead guilty to Assault on a Federal Officer and moves to strike references on the face sheet of the PSR and in paragraphs 1 and 2 of the report and page 1 of the Sentencing Recommendation and replace said language with Obstruction of Foreign Officials in the performance of their duties.

2. Defendant objects to the probation officer's unfounded speculation that substance abuse may be a contributing factor to defendant's mental health and well being and objects to any imposition of mandatory drug testing as a condition of supervised or unsupervised probation.

## III. APPLICABLE SENTENCING LAW

The Court must consider 18 USC 3553(a) in its entirety and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The court, in determining the particular sentence to be imposed, shall consider –

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed --

    (a) to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

    (b) to afford adequate deterrence to criminal conduct;

    (c) to protect the public from further crimes of the defendant; and

    (d) to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner;

The sentencing court is now required to consider factors that the Guidelines effectively prohibited from consideration (ie: Age, USSG 5H1.1; Education and Vocational Skills, USSG 5H1.2; Mental and Emotional Condition, USSG 5H1.3; Physical Condition Including Drug or

1  Alcohol Dependence, USSG 5H1.4; Employment, USSG 5H1.5; Family Ties and Responsibilities,
2  USSG 5H1.6; Socio-economic Status, USSG 5H1.10; Civic and Military Contributions, USSG
3  5H1.11; and Lack of Youthful Guidance, USSG 5H1.12.). *United States v. Ameline*, 409 F.3d
4  1073, 1093 (9th Cir. 2005) (*en banc*). To consider the "history and characteristics of the defendant,"
5  the Court must now consider factors the Guidelines eschewed.

6      The court must apply 3553(a) factors and address any other specific characteristics of the
7  defendant or his offense that might impact the determination of a "reasonable" sentence under the
8  particular circumstances of this case.

9      Defendant Green's belief that he is of royal blood caused defendant to speak in a loud and
10 offensively verbal manner in which he obstructed foreign officials in the performance of their
11 duties. As a result of his offensive remarks defendant was detained by local authorities. In the
12 process of being brought before the state court defendant suffered a broken jaw and ankle in the
13 hands of other pretrial detainees. Defendant has spent in excess of 60 days in pretrial detention due
14 to issues concerning his mental health and homelessness, quality of life conditions largely beyond
15 defendant's personal control. Mr. Green has already been sufficiently punished for this
16 misdemeanor offense.

## IV. A REASONABLE SENTENCE

18     The probation officer's recommendation that defendant be placed on 2 years supervised
19 probation is not a reasonable sentence. The government's adoption of the probation officer's
20 recommendation is unreasonable. Pretrial services informed the court early on that Mr. Green
21 would be a difficult subject to monitor on pretrial release due to his current state of mental health
22 and his lack of a permanent address to live. To impose rigorous special conditions of supervised
23 probation requiring reporting, testing, active partition in therapy and home visits would only serve
24 to guarantee a future violation of probation.

25     The defense respectfully requests that the Court sentence Mr. Green to "time served" with
26 no probation. Alternatively, should the court believe that Mr. Green must be monitored for a

28 **DEFENDANT'S SENTENCING MEMORANDUM [CR08-0150-01 JCS]**       **3**

reasonable period, Mr. Green requests the court to impose a sentence of 1 year unsupervised probation with the condition that he stay away from the vicinity of the Egyptian Consulate office. Such a sentence is reasonable and will sufficiently punish Mr. Green, while enabling him to continue to seek employment, a suitable place to live and plan for his eventual return to a holy Muslim land where he can worship and practice his faith.

Respectfully submitted,

Garrick S. Lew
Attorney for Defendant Frederick Green

DEFENDANT'S SENTENCING
MEMORANDUM [CR08-0150-01 JCS]                         4